**CAIRO AMMAN BANK, Petitioner–Defendant–Appellee,**

v.

**Bernard J. BUCHEIT, Jr., Kurt B. Bucheit, Leisel M. Bucheit, Erich J. Bucheit, Respondents–Plaintiffs–Appellants.**

No. 00–7074.

United States Court of Appeals, Second Circuit.

Jan. 17, 2001.

Bernard J. Bucheit, Jr., Kurt B. Bucheit, Leisel M. Bucheit, Erich J. Bucheit, Youngstown, OH, pro se.

Charles G. Berry, Shaw Pittman, N.Y., NY, for appellee.

Present KEARSE, JACOBS, and JOSÉ A. CABRANES, Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by respondent-plaintiff *pro se* Bernard J. Bucheit, Jr., and by counsel for petitioner-defendant, and was submitted by respondents-plaintiffs *pro se* Kurt B. Bucheit, Leisel M. Bucheit, Erich J. Bucheit.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed substantially for the reasons stated by Judge Preska on the record on October 15, 1999. Respondents-plaintiffs' contention that the district court for the Southern District of New York should not have resolved the issue of whether the Ohio federal court, which entered a default judgment against petitioner-defendant, had personal jurisdiction over petitioner-defendant is without merit. When, as here, a plaintiff seeks to enforce a default judgment, and the defendant moves pursuant to Rule 60(b) to vacate the judgment as void on the ground that the court that entered the judgment lacked jurisdiction, "the enforcing court has the inherent power to void the judgment whether the judgment was issued by a tribunal within the enforcing court's domain or by a court of foreign jurisdiction, unless inquiry into the matter is barred by the principles of res judicata." *Covington Industries, Inc. v. Resintex A.G.,* 629 F.2d

730, 732 (2d Cir.1980). The issue of jurisdiction, if not litigated in the issuing court, may be raised in the enforcing court. *See id.* In the present matter, the Ohio federal court did not address the question of personal jurisdiction; and for the reasons stated by Judge Preska, we see no error in the ruling of the district court for the Southern District of New York that the Ohio federal court lacked personal jurisdiction over petitioner-defendant. *See also International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (If the defendant is not present within the forum territory, due process prevents suit against him unless he has some "minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." (internal quotation marks omitted)).

We have considered all of respondents-plaintiffs' contentions on this appeal and have found in them no basis for reversal. The order of the district court is affirmed.